## UNITED STATES v. RODRIGUEZ.
### No. 7134 Cr.

United States District Court
D. Puerto Rico, San Juan Division.
Feb. 24, 1954.

Ruben Rodriguez Antongiorgi, U. S. Atty., San Juan, P. R., for plaintiff.

Guillermo Cintron Ayuso, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

In Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 157, a case very similar to the case at bar, the court, in reversing a judgment of conviction, said:

"The court below in affirming the conviction apparently thought the local board was free to disbelieve Dickinson's testimonial and documentary evidence *even in the absence of any impeaching or contradictory evidence.* The court manifested its own skepticism by pointing to Dickinson's youth, the unorthodox method of ordination by baptism, the failure to present stronger documentary evidence from Watchtower Society leaders, and the customary claim of Jehovah's Witnesses to ministerial exemptions. However, Dickinson's claims were not disputed by any evidence *presented to the selective service authorities,* nor was any cited by the Court of Appeals. [9 Cir., 203 F.2d 336.] The *task of the courts* in cases such as this is to search the record *for some affirmative evidence to support the local board's overt or implicit finding* that a registrant has not painted a complete or accurate picture of his activities. *We have found none here.*

"Local boards are not courts of law and are not bound by traditional rules of evidence; they are given great leeway in hearing and considering a variety of material as evidence. If the facts are disputed the board bears the ultimate responsibility for resolving the conflict —the courts will not interfere. Nor will the courts apply a test of 'substantial evidence.' However, the courts may properly insist that *there be some proof that is incompatible with the registrant's proof of exemption.* The local board may question a registrant under oath, subpoena witnesses to testify, and require both registrant and witnesses to produce documents. 32 C.F.R. § 1621.15. The board is authorized to obtain information from local, state, and national welfare and governmental agencies. 32 C.F.R. § 1621.14. The registrant's admissions, testimony of other witnesses, frequently unsolicited evidence from a registrant's neighbors, or information obtained from other agencies may produce dissidence which the boards are free to resolve.

Absent such admissions or other evidence, the local boards may call on the investigative agencies of the federal government, as they would if a registrant were suspected of perjury. *But when the uncontroverted evidence supporting a registrant's claim places him prima facie within the statutory exemption,* dismissal of the claim *solely on the basis of suspicion and speculation is* both contrary to the spirit of the Act and foreign to our concepts of justice." (Emphasis supplied.)

I have thoroughly searched the Board's records put in evidence at the trial of this case. It appears therefrom that defendant-registrant made before the local board a prima facie showing of his claim to the ministerial exemption along lines almost identical to those the Supreme Court found had been established by the registrant in Dickinson v. United States, supra. I have tried in vain to find in said records some evidence remotely refuting defendant-registrant's said prima facie showing or affirmatively supporting the board's denial of the claimed exemption and I have not been a bit more successful than the Supreme Court in said case.

This case appears to be still more meritorious for acquitting defendant of the offense charged. Here the local board acknowledged that registrant's evidence had sufficient weight to establish his right to a Conscientious Objector's exemption. This, in view of the holding in the Dickinson case quoted, supra, made it still more imperative for the local board and more so for the appeal boards to have some impeaching or contradictory evidence produced to dispute, in some way, the registrant's prima facie showing. However, the records are barren of the slightest piece of evidence in this connection.

I, therefore, conclude that on the authority of Dickinson v. United States, supra, defendant is Not Guilty of the offense charged.

Judgment of acquittal will be entered accordingly.